UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHNNY RAY CHANDLER<br>    FED. REG. NO. 11977-007<br>VS.<br><br>WARDEN J.P. YOUNG | CIVIL ACTION NO. 09-1810<br><br>SECTION P<br><br>JUDGE TRIMBLE<br><br>MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Johnny Ray Chandler, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 on October 14, 2009. He has been permitted to litigate this action *in forma pauperis*.

Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana. Petitioner complains that his procedural due process rights were violated when he was denied the right to appeal two Notices of Action (NOA) by the United States Parole Commission which rescinded the effective date of his parole.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which *habeas corpus* relief may be granted.

### *Background*

Petitioner is a District of Columbia prisoner who is in the custody of the Bureau of

Prisons. He has, in the past, filed several frivolous prisoner suits and has been sanctioned pursuant to the provisions of 28 U.S.C. §1915(g)[1] by other federal courts including the United States District Court for the Western District of Louisiana. See *Ibrahim v. District of Columbia*, 208 F.3d 1032 (C.A.D.C. 2000); *Johnny Ray Chandler v. Federal Bureau of Prisons, et al.*, No. 1:09-cv-0280.

On March 31, 2008, while he was incarcerated at the United States Penitentiary in Allenwood, Pennsylvania, petitioner received a Notice of Action (NOA) from the United States Parole Commission which read, "[i]n the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.86: Amend NOA dated 3/4/08 ordering a rescission hearing to consider Insolence Towards a Staff Member." The NOA further provided, "[t]he Commission has determined, based on an incident report from the Bureau of Prisons, that on 3/22/07 and 7/6/07 you were found guilty by a Disciplinary Hearing Officer of Insolence Towards a Staff Member. The above decision is not appealable." Doc. 1, p. 6, Exhibit A.

Thereafter, on June 19, 2008, petitioner received another NOA which notified him that, as a result of a hearing conducted on April 30, 2008, his parole date of March 19, 2008 was rescinded and a new presumptive parole date of September 19, 2011, was announced. Petitioner was advised that the presumptive date of parole was conditioned upon maintaining good institutional conduct and the development of a suitable release plan. The reason for the rescission of the March 19, 2008 date was given as follows:

---

[1] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

> You have committed 7 non-drug related infraction(s). Guidelines established by the Commission indicate a range of up to 2 months be added to your guideline range for each non-drug related infraction.
>
> You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved Assault on a Staff Member. This requires 12-16 months to be added to your base point score guideline range.
>
> Your aggregate rescission guideline range is 12-30 months to be added to your original parole effective date of 3/19/2008. After consideration of all relevant factors and information presented, a decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you have a very violent criminal history. After your release from custody you wrote letters to your former counselor that resulted in a Psycho Sexual Assessment and determination that you needed Sex Offender Treatment. You subsequently failed to comply with GPS Monitoring which was imposed as part of your Sex Offender Special Condition. Since your return to custody you have incurred a total of eleven disciplinary infractions. A majority of those infractions involved you writing suggestive letters to BOP Staff members and you incurred new criminal conduct for inappropriately touching a case manager in an inappropriate manner. Your continued inappropriate behavior shows that you are continued risk and will more than likely commit the same type of behavior if released to the community at this time.
>
> In addition, you have also been scheduled for a review hearing during April 2010.

Doc. 1, pp. 8-9. The NOA concluded by advising, "The above decision is not appealable." *Id*.

Petitioner was ultimately transferred to the Federal Corrections Institute at Oakdale. He filed this *habeas corpus* petition on October 14, 2009, alleging that he was denied "procedural due process" when he was denied the right to appeal the United States Parole Commission's rescission of his parole effective date of March 19, 2008.

*Law and Analysis*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241 which is available only upon proof that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Petitioner is a District of Columbia prisoner and therefore his parole rights

are governed by the provisions of 28 C.F.R. §2.70 *et seq.*[2] Although it is unclear when petitioner was originally convicted and what his original sentence was, his published history indicates that he was paroled, his parole was revoked, and he was returned to custody for violating one or more conditions of his parole. See *Johnny Ray Chandler v. Metthew Kiely*, et al., 539 F. Supp. 2d 220 (D.D.C. 2008).[3]

At some point a parole effective date of March 19, 2008 was established; however, prior to that date, the Parole Commission was advised that petitioner had been convicted of a prison disciplinary violation, namely Insolence Toward a Staff Member. On March 31, 2008 petitioner was formally advised by way of a Notice of Action that a rescission hearing would be scheduled to consider what effect the disciplinary violation would have on petitioner's parole effective date. Doc. 1, p. 7.

On April 30, 2008 a hearing was convened. The evidence adduced at the hearing was sufficient to establish that: (1) petitioner had committed seven non-drug related prison disciplinary infractions including Assault on a Staff Member; (2) petitioner wrote letters to a former counselor resulting in a Psycho Sexual Assessment and a determination that petitioner was in need of Sex Offender Treatment; (3) while on parole petitioner failed to comply with GPS monitoring which had been imposed as part of his Sex Offender Special Conditions of Parole;

---

[2] 28 C.F.R. §2.70 provides in part, "The U.S. Parole Commission shall exercise authority over District of Columbia Code offenders pursuant to section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law 105-33, 111 Stat. 712, and D.C. Code 24-409. The rules in this subpart shall govern the operation of the U.S. Parole Commission with respect to D.C. Code offenders and shall constitute the parole rules of the District of Columbia... (b) The Commission shall have sole authority to grant parole, and to establish the conditions of release, for all District of Columbia Code prisoners who are serving sentences for felony offenses, and who are eligible for parole by statute, including offenders who have been returned to prison upon the revocation of parole or mandatory release."

[3] In a footnote, the Court states "[m]r. Chandler was returned to prison for parole violations after he filed this suit." *Chandler v. Kiely*, 539 F. Supp. 2d at 222 n.2.

(4) since his return to custody following the revocation of parole petitioner incurred 11 disciplinary violations, most of which involved writing suggestive letters to BOP staff; and, (5) petitioner inappropriately touched a BOP Staff Manager.

Petitioner does not suggest that he was denied due process during the proceedings leading up to the hearing nor does he suggest that he was denied due process at the hearing. Petitioner does not contest the Parole Board's decision to rescind the parole effective date of March 19, 2008. Instead petitioner contends that he was denied due process because both Notices of Action advised him that the Parole Commission's decisions were not appealable.

We find petitioner was afforded all of the process due to him under the Constitution and laws of the United States. Title 28 C.F.R. §2.86 provides --

> (a) <u>When a parole effective date has been set, actual release on parole on that date shall be conditioned upon the individual maintaining a good conduct record in the institution</u> or prerelease program to which the prisoner has been assigned.
>
> (b) <u>The Commission may reconsider any grant of parole prior to the prisoner's actual release on parole, and may</u> advance or retard a parole effective date or <u>rescind a parole date previously granted based upon the receipt of any new and significant information concerning the prisoner, including disciplinary infractions</u>. The Commission may retard a parole date for disciplinary infractions (e.g., to permit the use of graduated sanctions) for up to 120 days without a hearing, in addition to any retardation ordered under § 2.83(d).
>
> (c) If a parole effective date is rescinded for disciplinary infractions, an appropriate sanction shall be determined by reference to § 2.36.
>
> (d) After a prisoner has been granted a parole effective date, the institution shall notify the Commission of any serious disciplinary infractions committed by the prisoner prior to the date of actual release. In such case, the prisoner shall not be released until the institution has been advised that no change has been made in the Commission's order granting parole.
>
> (e) A grant of parole becomes operative upon the authorized delivery of a certificate of parole to the prisoner, and the signing of that certificate by the prisoner, who thereafter becomes a parolee.

(Emphasis supplied).

Under federal law, it is not absolutely clear that petitioner is entitled to *any* due process protections in the context of a rescission hearing since it could be argued that a prisoner does not acquire a liberty interest as a result of the setting of a parole effective date that is subject to rescission. *Jago v. Van Curen*, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (decision to rescind parole not subject to due process protection where parole regulations do not give rise to a constitutionally protected liberty interest in parole) cited in *Cole v. Harrison*, 271 F.Supp. 51, 53 (D.D.C. 2002) ("Petitioner did not acquire a liberty interest as a result of the initial order that granted him parole and that order was subject to rescission without affording him due process at any time prior to his release from custody."); *see also Sexton v. Wise*, 494 F.2d 1176, 1178 (5th Cir. 1974) ("Until a parole is finalized, no constitutional protections associated with a parole revocation embrace the intended parolee.")

Nevertheless, even if petitioner was entitled to some due process protections, it is clear that the right to appeal the Parole Commission's rescission order is not one of the protections afforded by statute, regulation, or jurisprudence.

In *Drayton v. McCall*, 584 F.2d 1208, 1209 (2nd Cir. 1978), the court concluded that prisoners are afforded due process protection at rescission hearings but stated, ". . .a federal prisoner whose date of parole has been approved but who has not yet been released from prison (a parole grantee) is entitled to procedural due process in his rescission hearing. <u>However, we do not agree that all of the procedures mandated in parole and probation Revocation hearings must be complied with in parole Rescissions</u>." (Emphasis supplied). The court then proceeded to list the minimum due process requirements for rescission hearings as (1) a *de novo* hearing by the

Parole Commission acting as a neutral and detached fact-finder; (2) advanced written notice of the alleged misconduct; (3) a written statement by the fact-finder of the evidence relied on and the reasons for rescinding parole; (4) the limited ability to call and confront witnesses (so long as institutional safety is not compromised) and present documentary evidence; and (5) a written record of the proceedings.  *Drayton v. McCall* 584 F.2d at 1219-21.  Thus, even a liberal construction of the due process clause does not afford prisoners, such as petitioner, any specific right to appeal the rescission of parole.[4]

Finally, the regulations concerning rescission of parole with respect to District of Columbia prisoners are silent with regard to establishing any right to appeal the decision of the Parole Commission. See 28 C.F.R. §2.86 *et seq.*[5]

In short, petitioner claims that he remains in custody because he was denied the right to appeal the Parole Commission's decision concerning the rescission of parole. Petitioner,

---

[4] *Compare also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), where the minimum requirements of due process in parole revocation proceedings did not include a right of appeal and were articulated as follows, "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole." *See also Gagnon v. Scarpelli*, 411 U.S. 778 (1973) same factors in the context of probation revocation. Again, no mention of the right to an appeal the revocation of probation.

[5] See Rules and Regulations, Department of Justice, Parole Commission, 28 CFR Part 2, Paroling, Recommitting and Supervising Federal Prisoners: Prisoners Serving Sentences Under the District of Columbia Code, Appeal Rights. The public comment is summarized below, together with the Commission's views on certain of the issues raised. With respect to appeals, the Commission noted, "Unfairness was alleged in the absence of any right to appeal a parole decision, as appears in the rules for U.S. Code prisoners. It was alleged that the D.C. Board of Parole (at least in practice) permitted appeals. This is a doubtful proposition. The rules of the D.C. Board of Parole make no mention of appeals, and the Board's occasional practice with regard to reopening cases based upon post-decisional complaints can hardly be viewed as an institutionalized appeal system. At any rate, the USPC does not have the staff resources at the present time to process a full caseload of appeals from D.C. Code inmates along the same lines as appeals from federal inmates under 18 U.S.C. 4215. <u>In compensation, the Commission will continue to require a concurrence of at least two Commissioners for all decisions to grant and deny parole. (Appeals in the federal parole system are normally from parole decisions made by a single Commissioner.) (Emphasis supplied)</u>."

however, has not shown that he is entitled to such a right. Since he has not shown that"[h]e is in custody in violation of the Constitution or laws or treaties of the United States..." his petition fails to state a claim for which *habeas corpus* relief may be granted.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** for failing to state a claim for which *habeas corpus* relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed, in chambers, Lake Charles, Louisiana, this 19th day of May, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE